**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 26-54-DLB**

**ERNESTO RAFAEL LABRADOR**                                                    **PETITIONER**

**v.**                                        **OPINION AND ORDER**

**WARDEN, USP BIG SANDY**                                                **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Ernesto Rafael Labrador is a federal inmate confined at the United States Penitentiary in Inez, Kentucky.  In July 2022, Labrador was sentenced to 24 months imprisonment for smuggling illegal aliens into the country.  *United States v. Labrador*, No. 2: 21-CR-79-AM (W.D. Tex. 2021) (Doc. # 70 therein).  Following release upon completion of that term, in January 2024 Labrador's term of supervised release was revoked following the commission of numerous states offenses including family violence, resulting in a new 18-month prison term.  *See* (Doc. # 76, 89 therein).  Following release upon completion of that term, in August 2025 Labrador's term of supervised release was revoked yet again following an apparent assault, resulting in a new 24-month prison term. *See* (Doc. # 106, 112 therein).  The Bureau of Prisons ("BOP")'s online Inmate Locator database indicates that Labrador's projected release date is January 13, 2027.  *See* https://www.bop.gov/inmateloc/ (last accessed April 2, 2026).

Labrador has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. # 1).  The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).  A petition will be denied

1

"if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates the petition under a more lenient standard because Labrador is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In his petition, Labrador complains that he and his family reside in Texas, making it impossible for them to travel to Kentucky to visit him in prison and for him to prepare for reentry into society.  *See* (Doc. # 1 at 2, 4).  He also expresses vague concerns for his safety.  *See id*. at 5-6.  Labrador alleges without elucidation that the BOP did not consider the factors delineated in 18 U.S.C. § 3621(b) when deciding where to confine him.  *See id*. at 2, 6-7.  The Court will deny the petition for three reasons.

First, Labrador did not pay the required five dollar filing fee or file a motion to proceed *in forma pauperis*.  *See* 28 U.S.C. §§ 1914, 1915.  Second, Labrador failed to exhaust his administrative remedies, as required.  *See Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006).  The Court flatly rejects his argument that exhaustion should be excused or that he was frustrated in his efforts to use the BOP's administrative remedy program.  Third, and most significantly, placement decisions do not affect either the fact or duration of confinement, and hence are not matters cognizable in a habeas corpus petition.  *See Muhammed v. Close*, 540 U.S. 749,

2

750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006). Indeed, one month ago another federal court denied a functionally-identical petition by Labrador for this very reason. *See Labrador v. Warden, LCC Coleman-Low*, No. 5: 26-CV-66-AGM-PRL (M.D. Fla. 2026).

The Court will therefore deny the petition. A district court may certify, either before or after an appeal is taken, that any appeal would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A). Such a certification is appropriate here. When assessing whether an action is taken in good faith, the inquiry is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Here, reasonable jurists could not differ in concluding that Labrador's claim is not cognizable in habeas. The Court will therefore certify that any appeal is not taken in good faith. As a result, he will be assessed the full $605.00 appellate filing fee should he file a notice of appeal.

Accordingly, it is **ORDERED** as follows:

1.      The petition (Doc. # 1) is **DENIED.**

2.      This matter is **STRICKEN** from the docket.

3.      The Court **CERTIFIES** that any appeal would not be taken in good faith.

This 2nd day of April, 2026.



Signed By:

<u>David L. Bunning</u>

**Chief United States District Judge**

3